UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-5630-CAS (SSx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | ALEXANDRA KONDRACKE V. HANOVER DIRECT, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Theresa Lanza | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Daniel Germain | Brad Seiling |
| | Christopher Doyle |

**Proceedings:** **DEFENDANT UNITED MARKETING GROUP'S MOTION TO DISMISS OR STRIKE** (filed October 5, 2012)

## I. INTRODUCTION & BACKGROUND

On June 28, 2012, plaintiff Alexandra Kondracke filed a putative class action suit against defendants Hanover Direct, Inc., The Company Store Factory, Inc., and United Marketing Group, LLC. Dkt. No. 1. Plaintiff principally complains that she and others similarly situated were unwittingly enrolled in "Buyer's Edge" by defendants, a purported discount program for consumers that charges them a yearly membership fee.

Plaintiff alleges as follows. In or about December 26, 2010, she contacted defendant The Company Store to place an order, at which time she was told the order could not be completed unless she accepted a free trial in Buyer's Edge. Compl. ¶ 29. Plaintiff stated that she did not want to enroll in Buyer's Edge, but acquiesced after she was told she could cancel her membership without charge by calling the toll free number that would be included with her order. Id. ¶ 30. Thereafter, defendants applied a charge of $99 to plaintiff's credit card in February 2011 and again in February 2012, which plaintiff first noticed after the second charge. Id. ¶ 32. Plaintiff brings four claims for relief premised on these allegations: (1) violations of the Consumers Legal Remedies Act, California Civil Code § 1750 et seq.; (2) violations of the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.; (3) violation of California Business and Professions Code § 17500 for false and misleading statements; (4) breach of contract; (5) breach of quasi-contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5630-CAS (SSx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | ALEXANDRA KONDRACKE V. HANOVER DIRECT, INC., ET AL. | | |

    Plaintiff seeks to represent two classes based upon the entity which enrolled an individual in the Buyer's Edge program. First, the United Marketing Group Class would include "[a]ll persons who made a retail purchase from a partner of United Marketing Group, LLC, were charged a fee for Buyer's Edge after a phone order, and did not use it." Id. ¶ 35. Second, The Company Store and Hanover Direct Class would include "[a]ll persons who made a retail purchase from The Company Store or Hanover Direct, or any affiliate or subsidiary entity, were charged a fee for Buyer's Edge, and did not use it." Id. ¶ 35.

    On October 5, 2012, defendant United Marketing Group ("UMG") filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to strike the allegations in plaintiff's complaint regarding the proposed UMG Class. Dkt. No. 22. Plaintiff opposed the motion on October 15, 2012. Dkt. No. 27. Defendant replied on October 22, 2012. Dkt. No. 28. The Court held a hearing on November 5, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

    **A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

    A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

    The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5630-CAS (SSx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | ALEXANDRA KONDRACKE V. HANOVER DIRECT, INC., ET AL. | | |

jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

  **B. Motion to Strike**

  A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**III. ANALYSIS**

  Defendant's primary argument is that plaintiff "lacks standing" to bring suit on behalf of the UMG Class, and as such, these claims should be dismissed. Mot. at 4. Because plaintiff only alleges that she interacted with the Company Store, she "does not have standing to assert claims on behalf of unidentified members of the proposed [UMG Class]." Id. at 5. That class includes individuals who, unlike plaintiff, purchased items from (and were enrolled in Buyer's Edge by) retailers other than Hanover Direct or the Company Store. Id. at 3. Therefore, defendant argues that the Court should dismiss all of plaintiff's claims asserted on behalf of the UMG Class. In the alternative, defendant argues that the Court should strike any allegations regarding the UMG Class in plaintiff's complaint, because "[p]laintiff is not even a member" of that class. Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5630-CAS (SSx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | ALEXANDRA KONDRACKE V. HANOVER DIRECT, INC., ET AL. | | |

As with any suit, a plaintiff must have Article III standing to bring a class action. See Bates v. United Parcel Service, Inc., 511 F.3d 974, 985 (9th Cir. 2007) (holding that standing is satisfied for purposes of bringing a class action if at least one named plaintiff meets the Article III requirements); Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001) ("[a] named plaintiff cannot represent a class alleging. . . claims that the named plaintiff does not have standing to raise"). This requires the plaintiff to demonstrate that she has suffered (1) an "injury in fact" that is actual and concrete; (2) "fairly traceable" to the defendant's alleged wrongful conduct; and (3) such injury is likely to be redressed by a decision in the plaintiff's favor. Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 180–81 (2000).

Courts are split as to whether intra-class differences are appropriately addressed at this stage of the litigation by the doctrine of standing or the Rule 23(a) requirements of adequacy and typicality for class certification. See Gratz v. Bollinger, 539 U.S. 244, 264 n. 15 (2003) (noting the "tension in [the Supreme Court's] prior cases in this regard"); Arevalo v. Bank of Am. Corp., 850 F. Supp. 2d 1008, 1016–17 (N.D. Cal. 2011) (collecting cases, discussing the split of authority). This Court is of the view that in most cases, Rule 23(a), not a standing doctrine, is the proper method for determining whether class representatives can properly bring claims on behalf of absent class members. See id. at 1017. This is so because the question of "[w]hether a named plaintiff who meets individual standing requirements may assert the rights of absent class members is neither a standing issue nor an Article III case or controversy issue," but is instead an issue of whether the requirements of Rule 23 are met. Lewis v. Casey, 518 U.S. 343, 395–96 (1996) (Souter, J., concurring in part and dissenting in part) (citing 1 H. Newberg & A. Conte, Newberg on Class Actions § 2.07 (3d ed.1992)); see also 7AA Wright & Miller, Fed. Prac. & Proc. Civ. § 1785.1 (3d ed.) ("Representative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation."). This case is not the exception to the rule, as defendant does not dispute that plaintiff has standing to bring claims against Hanover Direct and the Company store—only that plaintiff lacks standing to bring claims against UMG. However, the Court finds this argument unavailing, as discussed below, because defendant's argument is really an argument in opposition to a Rule 23 class certification motion, a motion which is not presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5630-CAS (SSx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | ALEXANDRA KONDRACKE V. HANOVER DIRECT, INC., ET AL. | | |

Here, plaintiff has alleged that she is a member of both of the classes she seeks to certify. Plaintiff is a member of the Hanover Direct class because she was enrolled in Buyer's Edge by one of these defendants. She is also a member of the UMG class because she allegedly "made a retail purchase from a partner of [UMG]" and was charged for a Buyer's Edge membership she did not use. See Pl.'s Opp'n at 10 (quoting the UMG Class definition). Defendant does not dispute that Hanover Direct and the Company Store are partners of UMG in the marketing of Buyer's Edge—and therefore plaintiff's inclusion within the narrower proposed class definition necessarily means that she is subsumed within the broader class definition. As such, plaintiff has standing to represent either or both classes in the event that these classes are certified pursuant to Rule 23. Defendant's argument that plaintiff's class definitions must be viewed as mutually exclusive, such that no member of the Hanover Direct class is a member of the UMG Class, is unavailing. Plaintiff has offered two potential classes for purposes of class certification, both of which she is a member; defendant is not entitled to unilaterally reinterpret the scope of plaintiff's proposed classes before class certification is even at issue.

What defendant appears to be arguing by way of this motion is that the marketing practices of the various entities—UMG's merchant partners—that enrolled consumers in the Buyer's Edge program vary too significantly to permit claims against all of them to proceed in a single class action lawsuit. The Court finds this argument to be premature. Whether plaintiff is ultimately able to represent all consumers who enrolled in Buyer's Edge, through Hanover Direct or another UMG partner, depends on whether plaintiff can demonstrate that the proposed classes meet the Rule 23 requirements, not plaintiff's "standing." Here, plaintiff has alleged membership in both classes in addition to a causal linkage between her alleged injury and the practices of UMG. See Compl. ¶¶ 28, 71. This is sufficient to give plaintiff standing. As such, defendant's attempt to parse the very limited extrinsic evidence available at this stage of the litigation is an additional line of argument better suited for the class certification stage. Only where it is clear from the pleadings that plaintiff's proposed classes stand no chance of being certified is it proper to deny plaintiff a chance to take class discovery and to bring a motion to certify a class. That plaintiff is "ill-informed" about how Buyer's Edge is marketed by other UMG partners, Reply at 7, only reinforces this notion—with class discovery and full briefing, the similarities or differences between the various Buyer's Edge merchants and the suitability of representative litigation can be determined.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5630-CAS (SSx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | ALEXANDRA KONDRACKE V. HANOVER DIRECT, INC., ET AL. | | |

  Defendant offers no cases that support a contrary conclusion here. In <u>Arevalo v. Bank of America</u>, 850 F. Supp. 2d 1008 (N.D. Cal. 2011), the named plaintiffs brought a putative class action on behalf of all of those who were either: (1) involuntarily enrolled in a "credit protection" program; (2) those who voluntarily enrolled in the program but were excluded from participation. <u>Id.</u> at 1017–18. The Court found that the plaintiffs could not represent both classes, because there was no "similarity" between the class representatives and the absent class members who purchased a membership in the program. The plaintiffs in <u>Arevalo</u> did not rely on the theory that the credit protection program was inherently worthless—a theory that *would* have provided the plaintiffs' with standing for both classes—but instead on the allegation that plaintiffs did not voluntarily enroll in the program. As such, plaintiffs there could not represent both classes of individuals, because those who voluntarily enrolled suffered a distinct injury. Here, in contrast, plaintiff seeks to certify two classes of consumers who were enrolled in and did not use a Buyer's Edge membership—the alleged injury is the same for both classes, caused by their enrollment in the same program. That multiple merchant partners of UMG were involved in the alleged scheme may define the potential class that is or is not certified, not whether plaintiff has standing to bring a putative class action.

  The parties also dispute the import of <u>Rosales v. FitFlop USA, LLC</u>, __ F. Supp. 2d ___, 2012 WL 3224311 (S.D. Cal. Feb. 8, 2012). The plaintiffs in <u>Rosales</u> alleged that a manufacturer's advertising claims regarding its footwear were deceptive, causing them injury. Plaintiffs had purchased the footwear from one retailer—not the manufacturer—but sought to certify a class on behalf of all potential plaintiffs who had purchased such footwear based on defendant's alleged deceptive claims. <u>Id.</u> at *1. The court found, *inter alia*, that plaintiffs had standing to pursue their claim under the California UCL. Because plaintiffs alleged that defendant "provided and authorized the advertising [at issue] to third-party retailers," a sufficient causal nexus existed between the defendant's conduct and the plaintiff's injury such that the plaintiff's claim was "not so attenuated to render it implausible." <u>Id.</u> at *3. Similarly, plaintiffs here allege that defendant UMG developed a uniform, deceptive enrollment process and provided marketing materials to its retail partners for use with UMG's Buyer's Edge program. Compl. ¶¶ 28, 71. As in <u>Roasales</u>, plaintiff's claim of causation is not so attenuated or implausible so as to deprive her of standing at this stage of the proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5630-CAS (SSx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | ALEXANDRA KONDRACKE V. HANOVER DIRECT, INC., ET AL. | | |

For the similar reasons, the Court finds that defendant's motion to strike is without merit. Although a motion to strike "improper" class allegations may be appropriate under certain circumstances, given the Court's findings, such a motion is unwarranted here.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motions to dismiss and to strike.

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |