Daniel L. Germain (CA Bar No. 143334)
ROSMAN & GERMAIN LLP
16311 Ventura Blvd., Suite 1200
Encino, CA  91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
E-Mail: R&G@Lalawyer.com

David M. Cialkowski (MN Bar No. 306526)
Brian C. Gudmundson (MN Bar No. 336695)
ZIMMERMAN REED, PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
E-Mail: David.Cialkowski@zimmreed.com
E-Mail: Brian.Gudmundson@zimmreed.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA KONDRACKE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>HANOVER DIRECT, INC., a Delaware corporation; THE COMPANY STORE FACTORY, INC., a Delaware corporation; UNITED MARKETING GROUP, LLC, an Illinois limited liability company,<br><br>            Defendants. | Case No. CV12-05630 CAS (SSx)<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL AND INCENTIVE AWARD TO NAMED PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF**<br><br>**Date**: December 2, 2013<br>**Time**: 10:00 a.m.<br>**Courtroom**: 5 – 2nd Floor<br>**Judge**: Hon. Christina A. Snyder |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 2, 2013, at 10:00 a.m., or as soon thereafter as the matter can be heard, before the Honorable Christina A. Snyder, Courtroom 5 – 2nd Floor located at 312 N. Spring Street, Los Angeles, CA 90012, Plaintiff Alexandra Kondracke will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for an award of attorneys' fees and expenses to Settlement Class Counsel in the amount of $297,500 and an incentive fee for the Named Plaintiff in the amount of $2,500.

This Motion is made pursuant to Federal Rule of Civil Procedure 23(e) and based upon this Notice; the following Memorandum of Points and Authorities; the concurrently filed Declarations of Daniel L. Germain and David M. Cialkowski and attached exhibits; the records and file in this action; and upon such other matters as may be presented before or at the hearing of the motion.

Dated:  November 1, 2013

ROSMAN & GERMAIN LLP
*/S/ Daniel L. Germain*
Daniel L. Germain (CA Bar No. 143334)
16311 Ventura Blvd., Suite 1200
Encino, CA  91436-2152
Telephone:  (818) 788-0877
Facsimile:  (818) 788-0885
E-Mail: R&G@Lalawyer.com

David M. Cialkowski (MN Bar No. 306526)
Brian C. Gudmundson (MN Bar No. 336695)
ZIMMERMAN REED, P.L.L.P.
1100 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone:  (612) 341-0400
Facsimile:  (612) 341-0844
E-Mail: David.Cialkowski@zimmreed.com
E-Mail: Brian.Gudmundson@zimmreed.com
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This Motion seeks an award of attorneys' fees and reimbursement of expenses for Rosman & Germain, LLP, as represented by attorney Daniel L. Germain, and for Zimmerman Reed, PLLP, as represented by attorneys David M. Cialkowski and Brian C. Gudmundson (hereinafter referred to jointly as "Settlement Class Counsel"), as a result of their efforts against strenuous opposition and the excellent result obtained on behalf of the Settlement Classes, without any releases from the members of the classes themselves. The fees requested are less than Settlement Class Counsel's lodestar and are to be paid jointly by Defendants UMG and Hanover Direct. This motion also seeks an incentive award to Named Plaintiff Alexandra Kondracke for her exemplary service to the Settlement Classes, which contributed heavily to securing the substantial, longstanding injunctive relief proposed to be issued by the Court.  Because the proposed attorneys' fee and expense award to Settlement Class Counsel and the incentive award to Named Plaintiff are appropriate in both their substance and amount, the Court should grant this present motion.

## II. BACKGROUND HISTORY AND FACTS

### A.    Plaintiff's Allegations

On June 28, 2012, Alexandra Kondracke ("Kondracke") filed a Class Action Complaint (the "Complaint") against Defendants United Marketing Group, LLC ("UMG") and Hanover Direct, Inc. ("Hanover") (which owns and operates Defendant The Company Store Factory, Inc. ("Company Store")). (Docket No. 1.) Hanover and Company Store are collectively referred to herein as the "Hanover Defendants." The case arose from Plaintiff's contention that she and other Company Store customers were surprised by extra charges on their credit card statements for "Buyer's Edge," a product that was also difficult to understand and use, and that was deceptively marketed.

In her First Amended Complaint ("FAC"), Plaintiff alleged that, during a telephone call she made to Company Store to place an order for home goods, a Company Store representative made misleading statements regarding the nature of, and the imposition of

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF

charges for, a membership in UMG's Buyer's Edge program. (Docket No. 48, FAC at ¶¶ 18-30, 31-35.) Specifically, Plaintiff alleged that Defendants did not clearly inform consumers that they would be charged $99 regardless of whether consent was given at the end of a 30-day trial to review the product, and instead purported that charges would apply after 30 days "with your okay." *Id.* at ¶ 29.  Kondracke also alleged that instead of receiving gift cards worth $50 "just for 'reviewing Buyer's Edge,'" consumers received with the Buyer's Edge packet an application to request a registration form, on which they could register for a $25 gift card, then receive a second claim form for another $25 gift card after the first card was received; Kondracke alleged this could not conceivably be done in time permitted by the instructions. *Id.* at ¶¶ 30(A), 30(B).  Kondracke also alleged that Buyer's Edge was difficult to cancel (¶ 30(C)), and that its benefits were either illusory or impossible to obtain in the 30 day "review" period (¶ 30(D-I)).

Kondracke alleged that both Hanover and UMG were responsible for these deceptive messages and practices, and that Hanover shared Kondracke's pre-acquired account information with UMG to facilitate the Buyer's Edge transaction.  *Id.* at ¶¶ 27-30. Kondracke asserted claims pursuant to California's and other States' consumer protection statutes, and requested monetary and injunctive relief.  *Id.* at ¶¶ 45, 60, 78, 85, 107, and Prayer at F.

## B.   Settlement Negotiations

The Settlement is the result of extensive arm's length negotiations between the Parties with the assistance of a neutral mediator. On February 8, 2013, the Parties and their Counsel appeared for a full-day mediation with the Honorable Carl J. West (Los Angeles County Superior Court Judge, Retired) at the offices of JAMS in Los Angeles. Declaration of Daniel L. Germain ("Germain Decl."), ¶ 3. While the Parties were unable to reach a settlement at that time, they agreed to continue to pursue discovery and to revisit settlement at a later date. *Id.,* ¶ 3.

Following the mediation with Judge West, Defendants responded to voluminous written discovery. *Id.,* ¶ 4. In particular, Defendants produced and counsel for Kondracke

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF

reviewed in excess of 200,000 pages of documents. *Id.,* ¶ 4. Moreover, Defendant UMG voluntarily produced confidential audited financial statements regarding its financial condition. *Id.,* ¶ 4.  These financial documents showed that UMG could not support a damages judgment or settlement. *Id.,* ¶ 4. On May 20, 2013, following the filing of the parties' stipulation, the Court entered an order granting Kondracke leave to file her First Amended Complaint (Docket No. 48).

Following the review of extensive documentation produced by Defendants, in consideration of Defendant UMG's financial condition, and following all parties' careful evaluation of the merits and risks of the case, the parties re-commenced settlement discussions. *Id.,* ¶ 5. After protracted, direct negotiations, on July 25, 2013, the parties drafted and executed a Settlement Term Sheet which set forth the principal terms of a proposed settlement between the parties. *Id.,* ¶ 5; Ex. A.

### C.    Legal Fees and Expenses and Incentive Award to Named Plaintiff

Following execution of the Settlement Term Sheet, Settlement Class Counsel began discussions with Defendants regarding payment of Settlement Class Counsel's attorneys' fees and expense reimbursements and an incentive award to Kondracke. *Id.,* ¶ 6. During those discussions, Settlement Class Counsel gave Defendants a breakdown of the rates and the hours they incurred in the prosecution of the case, including a brief description of the tasks undertaken during each specified time period, and the hours and lodestar calculations. *Id.,* ¶ 6; Ex. B. Settlement Class Counsel further provided a breakdown of the time charges for each individual involved in the case as well as their hourly rate. *Id.,* ¶ 6; Ex. B. As of July 25, 2013, Settlement Class Counsel had incurred attorneys' fees in excess of $335,000 and expenses in excess of $11,300. *Id.,* ¶ 6; Ex. B.

After extensive discussions, on September 27, 2013, the Parties reached an agreement regarding attorneys' fees, expense reimbursements and an incentive award. Specifically, Defendants agreed to jointly pay Settlement Class Counsel the total sum of $300,000 to be apportioned by Settlement Class Counsel. *Id.,* ¶ 7. This sum includes the proposed incentive award of $2,500 to Kondracke. Stipulation of Settlement, § 5.1. None

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF

of the terms of the Settlement were altered in any way during the negotiations for the attorneys' fees, reimbursement of expenses or incentive award. *See* Stipulation of Settlement, §§ 5-6; Germain Decl., at ¶ 7. Instead, the Parties included the original terms in the comprehensive Stipulation of Settlement. *Compare* Term Sheet at 1-2 *with* Stipulation of Settlement at § 2. The agreed payment is the product of a negative multiplier.[1] Since the execution of the Stipulation of Settlement, Settlement Class Counsel has incurred and continues to incur significant attorneys' fees and expenses in connection with this matter. Germain Decl., at ¶ 7. It is anticipated that Settlement Class Counsel will incur additional time and expenses through Judgment. *Id*.

Because the injunctive relief in the proposed Settlement provides a significant benefit to the Settlement Classes and the public, an award of the requested attorneys' fees and expenses and an incentive award to Kondracke are appropriate.

## III.   DISCUSSION

### A.   The Requested Attorneys' Fees are Reasonable

A lodestar analysis is the appropriate method to determine fees in this case. In this matter, the claims are governed by California law, which therefore, also governs the award of fees. *Champion Produce, Inc. v. Ruby Robinson Co., Inc*., 342 F.3d 1016 (9th Cir. 2003) (affirming application of state law for the calculation of attorneys' fees where underlying claims were based in state contract law); *see also Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governs the claims, it also governs the award of fees."). In a class action governed by California law where "the responsibility to pay attorneys' fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the defendant, the primary method for establishing the amount of reasonable attorneys' fees is the lodestar method." *Lealao v. Beneficial Cal., Inc*., 82 Cal.App.4th 19, 26 (2000); *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir.

---

[1]Attorneys' fees incurred as of July 25, 2013, the date on which substantive terms were finalized, totaled $335,744.25. Germain Decl., ¶6; Ex B. Moreover, Settlement Class Counsel incurred litigation expenses of $11,395.78. *Id*.

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD TO NAMED PLAINTIFF

1995). Absent extreme circumstances, class counsel is entitled to be compensated for "all hours reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983).

While a trial court has some discretion in calculating the lodestar, its discretion is limited. The award must be, "anchor[ed]… to an objective determination of the attorneys' services, ensuring the amount awarded is not arbitrary." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal.App.4th 140, 154-155 (2006). Further, it is proper to calculate attorneys' fees at prevailing rates to compensate for delay in receipt of payment. *Vizcaino*, 290 F.3d 1043, 1051 (9th Cir. 2002). Thus, where a trial court capped consumer fraud lawyers' fees at $250 per hour without engaging in the proper *objective* analysis of fees charged by comparable attorneys, the California Court of Appeal reversed, finding "there is no indication that in ascertaining the reasonable hourly rate, the court engaged in the relevant objective analysis: to determine the prevailing rate in the community for *comparable* professional legal services, that is, services rendered by counsel on consumer fraud issues." *Graciano*, 144 Cal.App.4th. at 155 (emphasis in original).

Beyond the objective lodestar award, courts may also award a multiplier based on a subjective, fact-based analysis:[2]

> [T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.  The purpose of such adjustment is to fix a fee at the fair market value for the particular action.  In effect, the court determines,

---

[2]Settlement Class Counsel do not seek a lodestar multiplier in this case, and, in fact, request less than their actual, reasonable lodestar. *See* Germain Decl., ¶ 6, Exhibit B; Declaration of David M. Cialkowski ("Cialkowski Decl."), ¶¶ 9, 10. However, availability of a multiplier in matters such as this further underscores the reasonableness of the attorneys' fees Plaintiff requests.

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF

retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.

*Ketchum v. Moses*, 24 Cal.4th 1122, 1131-32 (2001).  "One of the most common fee enhancers… is for contingency risk." *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 579 (2005). "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions." *Id*.

Here, the agreed upon attorney's fee and expense award to Settlement Class Counsel is the product of arm's length negotiations with experienced and highly skilled lawyers. Kondracke has been represented in the litigation and in all settlement negotiations by Daniel L. Germain of the law firm of Rosman & Germain LLP and David M. Cialkowski and Brian C. Gudmundson of the law firm of Zimmerman Reed, PLLP. Both firms representing the Plaintiff are experienced in complex, class action litigation, as evidenced by their firm resumes. *See* Germain Decl., Exhibit D; Cialkowski Decl., Exhibit A. Similarly, the Defendants have been represented by well-regarded and experienced attorneys. Defendant UMG is represented by Brad W. Seiling of the law firm of Manatt, Phelps & Phillips, LLP, and Hanover Defendants are represented by Michael J. Hassen of the law firm of Jeffer Mangels Butler & Mitchell LLP and Douglas R. Hirsch of the law firm of Sadis & Goldberg in New York.

 The Supreme Court has explained: "A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "A court should refrain from substituting its own value for a properly bargained-for agreement." *In re Apple Computer, Inc. Derivative Litig.*, No. 06-4128, 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008). Where there is no evidence of collusion and no detriment to the parties, courts "should give substantial weight to a negotiated fee amount, assuming that it represents the parties' 'best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF

attorneys' fees.'" *Ingram v. Coca-cola Co.*, 200 F.R.D. 685, 695 (N.D. Ga. 2001) (citations omitted). "[T]he involvement of multiple counsel from different firms suggests a lack of collusion." *In re Apple Computer, Inc. Derivative Litig.*, 2008 WL 4820784, at *3.

The reasonableness of the $297,500 attorneys' fees and expense award is supported by multiple factors including the complexity and duration of the litigation, the risk of non-recovery and nonpayment, and the amount of time devoted to the case. *See* Manual for Complex Litigation (Fourth) §14.121 (2004). The negotiated amount is also justified by Settlement Class Counsel's extensive experience and skill in class action and other complex litigation. *See* Germain Decl., Ex. D; Cialkowski Decl., Ex. A. Settlement Class Counsel has worked solely on a contingency fee basis, while vigorously pursuing the claims for nearly one and a half years. At the time the parties entered into the Term Sheet on July 25, 2013, Settlement Class Counsel had established a full evidentiary record through extensive investigation and discovery and was in the process of drafting a motion for class certification. Moreover, the attorneys' fee portion of the requested award is well below Settlement Class Counsel's actual lodestar. *See* Germain Decl., ¶ 6, Ex. B; Cialkowski Decl., ¶¶ 9, 10.

Accordingly, Settlement Class Counsel respectfully request an award of $297,500 in attorneys' fees and expense reimbursements as agreed upon in the Settlement between the Parties.

### B.   The Requested Expenses were Reasonably and Necessarily Incurred

The Court is also authorized to award litigation expenses to counsel. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *Loretz v. v. Regal Stone, Ltd.*, 756 F. Supp. 2d 1203, 1217 (N.D. Cal. 2010). Here, Settlement Class Counsel seek reimbursement of expenses totaling $11,478.65. Germain Decl., ¶ 12; Cialkowski Decl, ¶ 11. This amount is reflected in the books and records of Rosman & Germain LLP and Zimmerman Reed, PLLP. These books and records were prepared from expense invoices and check records prepared in the normal course of business, are a complete and accurate record of the expenses incurred, and will be made available for *in camera* review upon the Court's

request. The expenses requested for reimbursement include charges for usual and customary litigation costs for the mediator, travel, court fees, service of process fees, postage, photocopying, messenger, courier, and delivery service fees. The requested costs were necessary and reasonable in the scope of this litigation. Germain Decl., ¶ 12; Cialkowski Decl., ¶ 11.

Accordingly, Settlement Class Counsel respectfully request an award for the reimbursement of their litigation expenses $11,395.78, as part of the total amount of $297,500 negotiated by the parties for payment of the attorneys' fees and expenses.

**C.     The Court Should Approve the Requested Incentive Award to Named Plaintiff Alexandra Kondracke.**

By this present motion, Settlement Class Counsel seek an incentive award to Named Plaintiff Alexandra Kondracke in the amount of $2,500 for her involvement in this litigation and service to the proposed Settlement Classes, without which the substantial benefits conferred by the Settlement could not have been achieved. As the Ninth Circuit noted in *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 458-62 (9th Cir. 2000), federal courts have discretion to make reasonable awards to representative plaintiffs in light of the important role they play. Courts in this District and Circuit and other federal courts have consistently held that reasonable compensatory awards are appropriate. *See, e.g., In re Heritage Bond Litig.,* No. 02-ML-1475 DT, 2005 WL 1594403, at *17-18 (C.D. Cal. June 10, 2005) (approving a combined $57,500 in plaintiffs' incentive awards); *Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving $50,000 incentive award to plaintiff who did not receive significant personal benefit from common fund); *Denney v. Jenkens & Gilchrist*, 2005 WL 388562, *31 (S.D.N.Y. Feb. 18, 2005) (approving incentive awards in the amount of $10,000 each to plaintiffs based on the common law's recognition of the important policy role that plaintiffs play in representative actions); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) (awarding two class representatives $55,000 each and three class representatives $35,000 each); *In re Cendant*

*Corp. Deriv. Litig.,* 232 F. Supp.2d 327, 344 (D.N.J. 2002) (approving request for $25,000 incentive award). This principle was reaffirmed by the United States District Court for the District of Minnesota, which held, "Such enforcement is vital because if there were no individual shareholders willing to step forward and pursue a claim on behalf of other investors, many violations of law might go unprosecuted." *In re Xcel Energy, Inc. Sec., Deriv. & "ERISA" Litig.,* 364 F. Supp.2d 980, 1000 (D. Minn. 2005).

The criteria that federal courts in this Circuit use when considering whether to approve such an award include: (1) the risk to the plaintiff in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the plaintiff; (3) the time and effort spent by the plaintiff; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the plaintiff as a result of the litigation. *See Van Vranken,* 901 F. Supp. at 299; *see also Razilov v. Nationwide Mut. Ins. Co.,* No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) (approving application for $10,000 award for plaintiff in light of time and effort spent, the insignificant benefits the plaintiff would receive as a result of the litigation, and the significant benefits achieved in the settlement on behalf of the class); *Fleury v. Richemont North America, Inc.,* 2008 WL 3287154, *6 (N.D. Cal. Aug. 6, 2008) (awarding named plaintiffs incentive awards in the amount of $5,000 each); *Moore v. R.E. Staite Engineering, Inc.,* 2008 WL 5412423, *5 (S.D. Cal. Dec. 26, 2008) (awarding class representatives incentive awards in the amount of $5,000 each); *Fitzgerald v. City of Los Angeles*, 2003 WL 25471424, *2 (C.D. Cal. Dec. 8, 2003) (awarding named plaintiffs $3,500 each).

Here, a review of the *Van Vranken* factors supports the reasonableness of the award sought for the Named Plaintiff in this case. First, throughout the litigation, Kondracke took financial risk by exposing herself to the possibility of an adverse judgment for Defendants' costs should the case not prevail. Second, Kondracke signed her name to a federal lawsuit, exposing herself to potential negative notoriety, and devoted substantial time and energy over the course of eighteen months of hard fought litigation in

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF

furtherance of the prosecution of the action. These efforts included, but are not limited to: (i) seeking out counsel to file the action and actively participating in the investigation and drafting of the initial complaints; (ii) communicating with counsel regarding the progress, status, and direction of the litigation and settlement thereof; (iii) reviewing and executing court documents and other information her counsel provided to her in conjunction with the litigation; and (iv) providing guidance to counsel during settlement negotiations. Germain Decl., ¶ 2. Additionally, Kondracke participated in substantial discovery, including reviewing and responding to document requests and reviewing and producing personal financial records. Germain Decl., ¶ 2. As discussed above, Kondracke agreed to act in a fiduciary capacity and incur the risks associated therewith. Accordingly, for all of the foregoing reasons, Kondracke and her counsel respectfully submit that the requested award is fair and reasonable under the *Van Vranken* factors and other relevant precedent.[3]

## IV. CONCLUSION

For the foregoing reasons, Settlement Class Counsel respectfully request that the Court award attorneys' fees and expenses totaling $297,500 to Settlement Class Counsel, and an incentive award to Alexandra Kondracke in the amount of $2,500.

Respectfully submitted,

ROSMAN & GERMAIN LLP

Dated:  November 1, 2013

*/S/ Daniel L. Germain*
Daniel L. Germain (CA Bar No. 143334)
16311 Ventura Blvd., Suite 1200
Encino, CA  91436-2152
Telephone:  (818) 788-0877
Facsimile:  (818) 788-0885
E-Mail: R&G@Lalawyer.com

---

[3]As demonstrated above, the requested award is truly modest when compared with other awards approved by federal courts in this District and others. *See, e.g., Heritage,* 2005 WL 1594403, at **17-18 (awarding individual plaintiffs as much as $12,500 and $15,000); *Van Vranken,* 901 F. Supp. at 299 (awarding plaintiff $50,000).

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF

1

2      David M. Cialkowski (MN Bar No. 306526)
       Brian C. Gudmundson (MN Bar No. 336695)
3      ZIMMERMAN REED, P.L.L.P.
4      1100 IDS Center
       80 South 8th Street
5      Minneapolis, MN  55402
       Telephone:  (612) 341-0400
6      Facsimile:  (612) 341-0844
7      E-Mail: David.Cialkowski@zimmreed.com
       E-Mail: Brian.Gudmundson@zimmreed.com
8

9

10     *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

- 11 –
NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND INCENTIVE AWARD TO NAMED PLAINTIFF