UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA KONDRACKE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>HANOVER DIRECT, INC., a Delaware corporation; THE COMPANY STORE FACTORY, INC., a Delaware corporation; UNITED MARKETING GROUP, LLC, an Illinois limited liability company,<br><br>        Defendants. | Case No. CV12-05630 CAS (SSx)<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL**<br><br>**Date**: December 2, 2013<br>**Time**: 10:00 a.m.<br>**Courtroom**: 5 – 2nd Floor<br>**Judge**: Hon. Christina A. Snyder |

- 1 –

In this action, Named Plaintiff Alexandra Kondracke ("Named Plaintiff"), on behalf of herself and all others similarly situated (the "Settlement Classes"), asserts claims against Defendants Hanover Direct, Inc., The Company Store Factory, Inc. and United Marketing Group, LLC (collectively, "Defendants"). Defendants have denied each of the claims asserted against them in this Action and deny any and all liability. Named Plaintiff maintains that the claims have merit and that a class or classes would be certified in this Action.

This matter having come before the Court for hearing, on the Motion of Named Plaintiff for approval of the Settlement set forth in the Stipulation of Settlement dated October 29, 2013 ("Stipulation" or "Settlement"), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. This Final Approval Order and Judgment of Dismissal incorporates by reference the definitions in the Stipulation, and all capitalized terms contained in this Final Approval Order and Judgment of Dismissal shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined in this judgment).

2. This Court has jurisdiction over the subject matter of the Action and over all Settlement Class Members, and to consider and enter this Final Approval Order and Judgment.

3. The Settlement proposes approval of a Rule 23(b)(2) class only. There is no release by the Settlement Classes and no provision that is binding on the Settlement Classes whatsoever, thus the notice to the Settlement Classes is not required. The right to notice and an opportunity to opt out under Rule 23 applies in a Rule 23(b)(2) class only when a claim for monetary damages is more than "incidental." The Settlement does not involve any monetary damages or releases, so notice and an opportunity to opt out are not necessary. Further, certification of a class pursuant to Rule 23(b)(2) only requires that the

parties meet the standards set forth in Rule 23(a). The standards under Rule 23(a) are met here, as described below.

4. The Settlement was the result of the Settling Parties arm's length negotiations in good faith occurring over many months, including mediation before Los Angeles County Superior Court Judge Carl J. West (Ret.) of JAMS, which resulted in the terms reflected in the Stipulation and was not the product of collusion. Counsel for the Parties are highly experienced in class action and representative litigation, with full knowledge of the risks inherent in this Action, and they are in a position to enable the Parties to make an informed decision as to the fairness and adequacy of the Settlement.

5. The Court appoints Named Plaintiff Alexandra Kondracke to serve as the representative of the Settlement Classes. The Court further appoints the following counsel to serve as counsel for the Settlement Classes: Daniel L. Germain of the law firm of Rosman & Germain LLP and David M. Cialkowski and Brian C. Gudmundson of the law firm of Zimmerman Reed, PLLP (collectively, "Settlement Class Counsel").

6. Solely for the purposes of effectuating the Settlement on the terms set forth in the Stipulation, with respect to the Classes and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court further finds and concludes that the prerequisites to a class action, as identified in Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are satisfied, in that: (a) the members of the Settlement Class are so numerous that joinder of all such members is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of Named Plaintiff are typical of the claims of the Settlement Classes; (d) Named Plaintiff and Settlement Class Counsel fairly and adequately protected and represented the interests of the classes; and (e) the Action seeks injunctive relief only. The Court also concludes that, because this is a settlement pursuant to Rule 23(b)(2), the Court need not consider manageability issues that would be presented by the trial of a nationwide class action involving the issues in this case. *Accord Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court certifies, for settlement

purposes only, the following Classes pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure:

>**As to Hanover Direct, Inc. and The Company Store Factory, Inc.:** All persons who have made or will make a retail purchase from The Company Store Factory, Inc. or Hanover Direct, Inc. or any affiliate or subsidiary entity.

>**As to United Marketing Group, LLC:** All persons who have purchased or will purchase Buyer's Edge over the telephone from United Marketing Group, LLC, or one of its Buyer's Edge marketing partners.

The Settlement Classes are certified solely for the purpose of the Settlement. Nothing in the Stipulation shall be construed as an admission by Defendants that this Action is amenable to class certification for trial or any other purposes. Furthermore, nothing in the Stipulation of Settlement shall prevent Defendants or Named Plaintiff from opposing or supporting class certification or seeking de-certification of the conditionally-certified Settlement Classes if final approval of the Settlement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason.

7. The Court finds that the Stipulation and Release set forth therein is fair, adequate and reasonable based on the following factors, among other things:

>A. There is no fraud or collusion underlying the Stipulation, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor approval;

>B. Named Plaintiff's likelihood of certification of a Rule 23(b)(2) class and ultimate success on the merits balanced against the form of relief offered in the Settlement, and the absence of any class release, weigh in favor of settlement;

>C. The complexity, expense and likely duration of the litigation and the risks to all Parties weigh in favor of settlement;

>D. The risk of maintaining class action status throughout the trial weighs in favor of settlement;

   E. The stage of the proceedings and the amount of discovery weigh in favor of settlement; and

   F. The judgment of experienced trial counsel weighs in favor of settlement.

 8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, finds that said Settlement, including the Injunctive Relief set forth in the Stipulation, is, in all respects, fair, reasonable, and adequate with respect to the Settlement Classes, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Stipulation.

 9. **Injunction.** As set forth and agreed to by the Parties in the Stipulation, Defendants, and their officers, agents, representatives, and employees, and all persons in active concert or participation with them, are hereby ORDERED AND ENJOINED, as follows:

   **For the Hanover Defendants**

Defendants Hanover Direct, Inc. and The Company Store Factory, Inc., including any parent, subsidiary, division, affiliated or related companies and their respective successors and assigns are prohibited from marketing, distributing or selling the Buyer's Edge Discount Program, to any customer for a period of five years from the date of this Order. However, any existing customer who is currently enrolled in the Buyer's Edge Program may continue to obtain the benefits of the Program or may discontinue membership in the Program at any time.

   **For UMG**

Defendant United Marketing Group, LLC, including any parent, subsidiary, division, affiliated or related companies and their respective predecessors, successors and assigns are hereby Ordered to adopt the following procedural reforms applicable to the telephonic sales of the Buyer's Edge Program for a period of three years from the date of this Order, as follows:

      a.    all representatives who solicit the purchase or sale of Buyer's Edge Discount Program to customers shall be required to ask each customer to provide new, or repeat previously provided, full payment information (i.e., full credit card number and expiration date) when enrolling customers in Buyers Edge. The customer may repeat the full credit or debit card number used in the transaction for the Marketing Partner's product or service, but the customer will also be given the option to pay using a different, acceptable credit or debit card method;

      b.    in all telephonic scripts or training materials, UMG and its Marketing Partners will communicate clearly that customers are allowing UMG to automatically charge the customers' credit or debit card for the applicable amount, following any trial period, during every applicable subscription period;

      c.    in the Fulfillment Kit mailed to customers ("Fulfillment Kit"), UMG will include the following information together in a separate section entitled, "General Membership Information," to be printed in at least the same size and the same font as the rest of the text in the Fulfillment Kit: (i) the amount of any charge that will be applied to a customer's credit or debit card and the billing period that charges will be imposed (usually monthly), (ii) whether membership will renew automatically and the period of renewal, (iii) the date of the enrollment, (iv) explanation of cancellation rights for the particular program, and (v) that the customer may cancel by e-mail, website, telephone, or U.S. mail, at the addresses provided in the Fulfillment Kit;

      d.    on the cover or first page of the Fulfillment Kit, each member will be assigned a unique identifier (a number or alphanumeric code) which may be used to identify the member and to assist with cancellation. Customers will also have the right not to use this identifier code, but instead use their name and address for identification purposes; and

      e.    as it relates to Buyer's Edge enrollment authorizations, UMG shall contractually require its Marketing Partners to retain recordings in accordance with

applicable laws (currently two years). UMG will retain a list of Buyer's Edge members and their unique identifier for a period of 5 years after cancellation, with the exception of credit card information, which is purged after 2 years for Payment Card Industry ("PCI") compliance purposes.

10.  The Action is hereby dismissed with prejudice, and without costs (except as set forth in the Stipulation), as to Released Parties.

11.  Upon this Judgment becoming Final, as further set forth in the Stipulation, the Named Plaintiff, on behalf of herself, her successors and assigns, and any other Person claiming (now or in the future) through or on behalf of her, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against the Released Persons.

12.  This Judgment is a final judgment in the Action as to all claims among Defendants, on the one hand, and the Named Plaintiff, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

13.  As provided for in paragraphs 5 and 6 of the Stipulation, the Court approves an award of Attorneys' Fees and Reimbursement of Expenses in the total amount of $297,500.00 to Settlement Class Counsel for their attorneys' fees, costs and expenses reasonably incurred in prosecuting and settling the Action, and Named Plaintiff's Incentive Award of $2,500.00 to the Named Plaintiff to be paid jointly by Defendants as set forth in the Stipulation.

14.  The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive jurisdiction over (a) implementation of the terms of the Settlement; (b) the Injunctive Relief provided for in the Stipulation; and (c) all other proceedings related to the implementation and enforcement of the terms of the Settlement as set forth in the Stipulation. The time to appeal from this Judgment shall commence upon its entry.

16. In the event that this Judgment does not become Final, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and the provisions of ¶ 7.4 of the Stipulation shall apply.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: December 2, 2013

Hon. Christina A. Snyder
United States District Court Judge

- 8 –

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL